Case 11-02506    Doc 17    Filed 02/28/12    Entered 03/01/12 11:54:04    Desc Main
Document      Page 1 of 3

11-02506:13.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 2/24/2012 3:08:45 PM by:James Sheeran Page 1 of 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
at Chicago

| | | |
|---|---|---|
| In re Stephen M. Brisco<br>Angela M. Brisco | )<br>)<br>)<br>) | BK No.: 11-34774<br><br>Chapter: 13<br>Honorable Jack B. Schmetterer |
| Debtors. | )<br>) | Adv. No.: 11-02506 |
| Tidewater Finance Company, | )<br>) | |
| Plaintiff, | ) | |
| STEPHEN M. BRISCO<br>ANGELA M. BRISCO, | )<br>) | |
| Defendants. | ) | |

## FINDINGS OF FACT

**A. The Parties**

1. The Plaintiff is Tidewater Finance Company ("Plaintiff").

2. The Defendants are Stephen M. Brisco and Angela M. Brisco ("Defendants")

**B. Factual Background**

1. On or about August 25, 2011 (the "Filing Date"), Defendants filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. On June 22, 2011, the Briscos signed and tendered to Darvin Furniture and Appliance of Orland Park ("Darvin Furniture") a written Application for Retail Credit seeking an extension of credit to finance the purchase of new consumer goods from Darvin Furniture (the "Application") through an installment sale contract. A redacted copy of the Application is Exhibit A to the Complaint.

3. Darvin Furniture first submitted the Application to Personal Finance Company and then sent the Application to Tidewater for Tidewater to consider whether it would become the assignee of an installment sale contract if Darvin Furniture entered such a contract with the Briscos. Tidewater approved the Application.

4. On July 1, 2011, 55 days before the Filing Date, the Briscos and Darvin Furniture entered a Consumer Credit Retail Installment Contract and Security Agreement (the "Contract"). A redacted copy of the Contract is Exhibit B to the Complaint.

R7052 Findings of Fact & Conclusions of Law

5. Through the Contract, the Debtors purchased a new bed, dresser, mirror, storage headboard, footboard, rails, two nightstands, 5 drawer chest, plush king mattress and two king box springs (together, the "Furniture") that cost $5,544.49. Tidewater extended credit to the Debtors of $4,250 of the purchase price with interest.

6. The Defendants are individuals and Tidewater is a single creditor. The debt that the Defendants incurred under the Contract is a consumer debt within the meaning of 11 U.S.C. § 101(8).

7. The Furniture is luxury goods within the meaning of 11 U.S.C. § 523(a)(2)(C).

8. Within the 90 days preceding the Filing Date, that is between in June 22 and July 1, 2011, in addition to the $4,250 of credit extended by Tidewater, the Briscos incurred new debts for the purchase of new consumer goods which totaled $18,006.

## CONCLUSIONS OF LAW

1. A discharge under 11 U.S.C. §§ 727, 1328(b) does not discharge individual debtors from a debt for an extension of credit obtained by false pretenses, a false representation or actual fraud. 11 U.S.C. § 523(a)(2)(A).

2. Tidewater is a single creditor, the Briscos are individual debtors, and the debt evidenced by the Contract is a consumer debt.

3. When an individual debtor owes consumer debts to a single creditor of more than $600 for luxury goods incurred on or within 90 days before the order for relief under Title 11, the debt is presumed to be nondischargeable under 11 U.S.C. § 523(a)(2)(A).

4. The effect of 11 U.S.C. § 523(a)(2)(A) is to shift the burden of going forward with evidence to rebut the presumption to the debtors. *In re Cline*, 282 B.R. 493 (Bankr. W.D.Wash. 2002); *In re Hernandez*, 208 B.R. 872 (Bankr. W.D.Tex. 1997).

5. The Debtors are in default and all well-pled allegations of fact in the complaint are deemed admitted. *In re Liebl*, 434 B.R. 529, 536 (Bankr. N.D.Ill. 2010) citing *In re Smith*, 280 B.R. 436, 441 (Bankr.N.D.Ill.2002).

6. The Debtors have not carried their burden of going forward with evidence to rebut the presumption of nondischargeability provided by 11 U.S.C. § 523(a)(2)(C).

2

Enter:

*[signature: Donald R. Carling]*

United States Bankruptcy Judge

FEB 28 2012

**Prepared by:**
James R. Sheeran, Esquire
Tidewater Finance Company
P.O. Box 13306
Chesapeake, VA 23325
    Phone   757-961-5512
    Fax      757-579-6423
    Email   tcsjrs@twcs.com